UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| HARVEST VALLEY, INC. AND HARVEST VALLEY II, INC., <br><br>    Plaintiffs, <br><br>vs. <br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER AMR-67296-02 <br><br>    Defendant. | CASE NO.: <br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) <br>(FEDERAL QUESTION) |

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

TO:   PETER MINEO JR.
       THE MINEO SALCEDO LAW FIRM, P.A.
       5600 Davie Road
       Davie, FL 333 14
       Service@mineolaw.com

COMES NOW, Defendant, CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER AMR-67296-02 ("Lloyd's") by and through its undersigned counsel, without waiving any affirmative defenses or objections herein and without waiving the right to compel arbitration of this dispute pursuant to the arbitration clause contained in the subject insurance policy, hereby files this Notice of Removal, removing this action from the Circuit Court for the Eleventh Judicial Circuit in and for Miami Dade County, Florida, to the

United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

## I. STATEMENT OF GROUNDS FOR REMOVAL

The removal of this action is supported by federal question jurisdiction pursuant to 28 U.S.C. § 1441(a). As discussed herein, Lloyd's asserts that there is a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), and, thus, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203, and 205. In removing this action, The Market specifically preserves and does not waive any affirmative defenses whatsoever, including but not limited to, any defenses under Fed. R. Civ. P. 8 and 12 and/or Fla. R. Civ. P. 1.100, et seq., such as, service of process and personal jurisdiction defenses. Lloyd's also specifically preserves and gives notice of its right to seek a dismissal of this case or stay of the litigation and to compel arbitration of this dispute.

As recognized in *Underwriters at Lloyd's, London v. Osting-Schwinn*, Defendant, Lloyd's, is a British organization who provides infrastructure for individual underwriters, also known as syndicate insurers[1]. 613 F.3d 1079 (11th

---

[1] As stated in *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010), Lloyd's itself "is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market." *Id.* at 1083. It is the individual underwriters operating within the Lloyd's infrastructure that underwrite policies. *See id.* "Names underwrite insurance through administrative entities called syndicates, which cumulatively assume the risk of a particular policy." *Id.* at 1083. "Individual underwriters, known as 'Names' or 'members,' assume the risk of the insurance loss. Names can be people or corporations; they sign up for certain percentages of various risks across several policies." *Id.*

Cir. 2010). The Policy at issue in this case was issued pursuant to the Florida Surplus Lines Law and the participating insurers, along with Lloyd's, are identified on the Policy at issue. *See* Policy as Exhibit "A." This action arises out of alleged damages to Plaintiff's property insured by the Policy, allegedly caused by a heavy rain event on or about August 30, 2021. Based on the allegations in its "Complaint" Plaintiff alleges Lloyd's breached the Policy based on its "denial of coverage and refusal to pay the full amount of the claim..." *See* Plaintiff's Complaint.

The Policy states the following with respect to "[a]ll matters in difference between the Insured and the Companies":

> **SECTION VII – CONDITIONS**
> \* \* \*
> C. ARBITRATION CLAUSE: <u>All matters in difference</u> between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.
>
> Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred. If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.

> Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.
>
> The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.
>
> Each party will pay its chosen Arbitrator, and also bear the other expenses of the Arbitration and Umpire equally.
>
> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.
>
> The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.
>
> A decision agreed to by any two members of the Arbitration Tribunal shall be binding. The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

*See* Ex. A at page 24 of 42 (emphasis added).

The participating Insurers are comprised of one or more syndicate insurers that are foreign entities and citizens of countries other than the United States. Because the Policy, and its arbitration provision, involve a reasonable relation with

one or more foreign entities, this case is properly removed pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), as further discussed herein.

## II. STATE COURT ACTION

The state court action, which is removed to this Court, is styled: *HARVEST VALLEY INC and HARVEST VALLEY II, INC. v. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER AMR-67296-02*. This action was filed in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami Dade County, Florida. The original *Summons* and *Complaint* were served on or about March 16, 2022 on CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER AMR-67296-0. True and legible copies of all summons, process, pleadings, orders, and other papers or exhibits of every kind now on file in the state court are attached hereto as Composite Exhibit "B."

## III. APPROPRIATENESS FOR REMOVAL JURISDICTION

Pursuant to 28 U.S.C. § 1441 and 9 U.S.C. § 205, this action is properly removed to the Southern District of Florida, which is the district embracing the Circuit Court of the Eleventh Judicial Circuit, in and for Miami Dade County, Florida, in which the state court action was pending. Lloyd's asserts that there is a valid arbitration clause, which falls under the Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, and, thus, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203, and 205.

The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As the Supreme Court has explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

The United States became a signatory country in 1970 when Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201 208 (the "Convention Act"), "to establish procedures for our courts to implement the Convention." *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991). The Convention Act is part of the broader Arbitration Act, 9 U.S.C. § 1 et seq. Chapter 1 of Title 9 is the Federal Arbitration Act (the "FAA"). Chapter 2 of Title 9 is the Convention Act. Section 208 of the Convention Act incorporates the FAA into the Convention Act to the extent the FAA is not inconsistent with the Convention Act or the Convention. See 9 U.S.C. § 208. The

United Kingdom of Great Britain and Northern Ireland (of which England and Wales are a part) have been a signatory country since 1975.[2]

This cause is properly removed based on federal question, the FAA, and the referenced provisions of the Convention Act, including but not limited to Section 202, which provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202 (2018).

Article II of the Convention further clarifies which arbitration agreements are subject to the Convention. Article II states, in pertinent part, as follows:

> 1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.
>
> 2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

---

[2] *See* 1958 New York Convention Guide, http://newyorkconvention1958.org/ (last visited May 20, 2019).

New York Convention, Art. II (1)-(2), adopted June 10, 1958, 1970 U.S.T. LEXIS 115, *3, 21 U.S.T. 2517.

> Section 205 of the Convention Act provides that:
>
> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. §205 (2018).

This Court and the Eleventh Circuit have routinely acknowledged removal and jurisdiction on this basis. *See e.g. Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005); *Bamberger Rosenheim, Ltd. (Israel) v. OA Development, Inc.*, 862 F.3d 1284 (11th Cir. 2017); and *Indus. Risk Insurers v. M.A.N. Gutehoffnungshütte GmbH,* 141 F.3d 1434, 1441 (11th Cir. 1998)).

In sum, the entirety of the dispute filed by Plaintiff against Lloyd's relates to the Policy and its terms, including the mandatory enforcement of the arbitration provision. Under Florida law, arbitration provisions contained in insurance agreements have been upheld, particularly when the FAA and/or the Convention are triggered. *See e.g. Kong v. Allied Professionals Ins. Co.*, 2008 WL 2853677 (M.D. Fla. 2008); *Antillean Marine Shipping Corp. v. Through Transport Mut.*

*Ins., Ltd.*, 2002 WL 32075793 (S.D. Fla. 2002). In this case, Florida state law does not prohibit application of the Convention. Based on the foregoing, this Court has federal jurisdiction over this case and removal of this action to the Southern District of Florida is appropriate pursuant to Federal and Florida law.

## IV. TIMLINESS

Section 205 of the New York Convention expressly states that the case may be removed on this basis "at any time before trial." *Sheinberg v. Princess Cruise Lines, Ltd.*, 269 F. Supp. 2d 1349, 1352 (S.D. Fla. 2003); *Acosta v. Norwegian Cruise Line, Ltd.*, 303 F. Supp. 2d 1327, 1329 (S.D. Fla. 2003). Thus, removal is timely.

## V. NOTICE TO OTHERS

In accordance with 28 U.S.C. § 1446(d), The Market will promptly give notice to all parties in writing and shall file a copy of the notice of filing of notice of removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida.

**WHEREFORE**, Defendant, CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER AMR-67296-02, requests that this cause of action proceed in the United States District Court for the Southern District of Florida as an action properly removed thereto.

        */s/ Anna P. Kirkpatrick*
        NICOLE M. FLUET, Fla. Bar No. 91077
        nfluet@gallowaylawfirm.com
        ANNA P. KIRKPATRICK, Fla. Bar No. 1004735
        akirkpatrick@gallowaylawfirm.com
        Galloway, Johnson, Tompkins, Burr & Smith, PLC
        400 N. Ashley Drive, Suite 1000
        Tampa, Florida  33602
        (813) 977-1200
        (813) 977-1288 (facsimile)
        tampaservice@gallowaylawfirm.com
        *Counsel for Defendant.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following via electronic filing and/or electronic mail delivery this May 2, 2022.

PETER MINEO JR.
THE MINEO SALCEDO LAW FIRM, P.A.
5600 Davie Road
Davie, FL 333 14
T: (954) 463-8100
F: (954) 463-8106
Service@mineolaw.com
*Counsel for Plaintiff*

        */s/ Nicole M. Fluet*
        NICOLE M. FLUET
        ANNA P. KIRKPATRICK